## WARREN TOOL & FORGE CO. v. UNITED STATES.
### No. J–183.

Court of Claims.
June 2, 1930.

564

Harry S. Hall, of Washington, D. C., for plaintiff.

George H. Foster, of Washington, D. C., and Herman J. Galloway, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, and WILLIAMS, Judges.

WILLIAMS, Judge.

The plaintiff sues to recover the sum of $33,314.54, an alleged overpayment of its income and profits taxes for the calendar year 1918.

On March 15, 1919, the plaintiff filed what is commonly known as a "Tentative return and estimate of corporation income and profits taxes and request for extension of time for filing return for the year 1918."

On June 16, 1919, the plaintiff filed its completed return for the calendar year 1918, on Form 1120, known as "Income and profits tax return for calendar year 1918."

In June, 1921, the Commissioner of Internal Revenue assessed an additional tax against the plaintiff in the amount of $80,132.52.

On September 7, 1921, the plaintiff filed its claim for abatement asking for the abatement of the amount of the additional taxes assessed against it, alleging as a ground therefor the right of the plaintiff to have its war profits and excess profits taxes for the year 1918 determined under the provisions of sections 327 and 328 of the Revenue Act of 1918.

The commissioner on September 22, 1924, allowed the plaintiff's application for special assessment and reduced the plaintiff's additional taxes from the sum of $80,132.52, to $33,314.54, and abated its taxes in the sum of $46,817.98. Of the amount of the additional sum thus determined, a credit for the sum of $11,604.55 was applied, and the balance, $21,709.99, was on June 12, 1925, paid to the Collector of Internal Revenue by the plaintiff.

The plaintiff on April 27, 1927, filed with the Commissioner of Internal Revenue a claim for refund of $33,314.54, plus interest paid by it, upon the following grounds:

(1) That the alleged tax was erroneous, excessive, and illegal.

(2) That the collection of said alleged tax was barred at the time of payment by the tolling of the statute of limitations, for the following reasons, to wit:

(a) That payment was exacted more than five years after the return was filed.

(b) That no suit or proceeding was instituted within the five-year period.

(c) That the return was not false or fraudulent, neither had the Commissioner of Internal Revenue nor plaintiff consented in

writing to a later determination, assessment, and collection of the tax.

(3) By reason of the expiration of the statute of limitations applicable, not only was the procedure for its collection barred, but the right, if any, of the government to the alleged tax itself was and is extinguished.

The provisions of law fixing a limitation upon the assessment and collection of income and profits taxes are as follows:

Subsection (d) of section 250 of the Revenue Act of 1918 provides:

"Except in the case of false or fraudulent returns with intent to evade the tax, the amount of tax due under any return shall be determined and assessed by the commissioner within five years after the return was due or was made, and no suit or proceeding for the collection of any tax shall be begun after the expiration of five years after the date when the return was due or was made. * * * "

Subsection (a) of section 227 of the Revenue Act of 1921 (42 Stat. 251) provides:

"That returns (except in the case of nonresident aliens) shall be made on or before the fifteenth day of the third month following the close of the fiscal year, or, if the return is made on the basis of the calendar year, then the return shall be made on or before the 15th day of March. * * * "

Subsection (d) of section 250 of the Revenue Act 1921 (42 Stat. 265) provides:

"The amount of income, excess-profits, or war-profits taxes due under any return made under this Act for the taxable year 1921 or succeeding taxable years shall be determined and assessed by the Commissioner within four years after the return was filed, and the amount of any such taxes due under any return made under this Act for prior taxable years or under prior income, excess-profits, or war-profits tax Acts, or under section 38 of the Act entitled 'An Act to provide revenue, equalize duties, and encourage the industries of the United States, and for other purposes,' approved August 5, 1909, shall be determined and assessed within five years after the return was filed, unless both the Commissioner and the taxpayer consent in writing to a later determination, assessment, and collection of * * * any such taxes due under this Act or under prior income, excess-profits, or war-profits tax Acts, or of any taxes due under section 38 of such Act of August 5, 1909, shall be begun, after the expiration of five years after the date when such return was filed. * * * "

The case turns entirely on the questions of whether the statute of limitations against the assessment and collection of the taxes in question commenced to run from March 15, 1919, the date of the filing of the tentative return, as contended by the plaintiff, or from June 16, 1919, the date of the filing of the formal or completed return as contended by the defendant.

Since the case was submitted the Supreme Court, in White, Collector, v. Hood Rubber Co., 280 U. S. 453, 50 S. Ct. 215, 74 L. Ed. 542, decided February 24, 1930, has passed directly on the question and held that the statute begins to run from the date of the filing of the completed return. Under the Revenue Acts of 1918 and 1921, the assessment and collection of plaintiff's income and profits taxes for the year 1918 are required to be made within five years after the filing of the return by the taxpayer. In this case the five-year period was extended an additional year by reason of the waiver, fixing the period within which the commissioner was authorized to make the assessment and collection of plaintiff's 1918 income and profits taxes to June 16, 1925.

The taxes were assessed and collected within the required period and were therefore properly and legally assessed and collected.

The plaintiff's petition is dismissed. It is so ordered.